# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| THOMAS P. CROSBY<br>Plaintiff, | )<br>) **04 - 11001 EFH** *Alexander* |
|  | ) MAGISTRATE JUDGE |
| v. | ) C.A. No. |
|  | ) RECEIPT #_____ |
| COUNTY OF SUFFOLK | ) AMOUNT $ 150 |
| Defendant, | ) SUMMONS ISSUED_____ |
|  | ) LOCAL RULE 4.1_____ |
|  | ) WAIVER FORM _____ |
|  | MCF ISSUED_____ |
|  | BY DPTY. CLK._____ |
|  | DATE 5-18-04 |

### NOTICE OF REMOVAL

The Defendant-Petitioner County of Suffolk, petitions pursuant to 28 U.S.C. §
1441 for removal from the Superior Court Department of the Trial Court of the
Commonwealth of Massachusetts the action entitled *Thomas P. Crosby v. County of
Suffolk*, pending in Suffolk County as Civil Action No. 04-1679.

1. This action involves allegations that the Defendant deprived the
   Plaintiff of his constitutional rights and was brought pursuant to 42
   U.S.C. §1983.

2. This action is subject to removal by the Defendant-Petitioner by virtue
   of the provisions of 28 U.S.C. §1441.

3. This petition for removal is filed within thirty days of receipt of the
   Summons and Complaint, copies of which are attached hereto.

Wherefore, the Defendant- Petitioner, Suffolk County, petitions that this action be
removed.

Respectfully submitted,
DEFENDANT
COUNTY OF SUFFOLK,
By its attorney,

*Ellen M. Caulo*

_____
Ellen M. Caulo

BBO #545250
Deputy General Counsel
Suffolk County Sheriff's Department
200 Nashua Street
Boston, MA 02114
(617) 989-6681

## CERTIFICATE OF SERVICE

I hereby certify that I have caused to be served a true copy of the foregoing papers upon Plaintiff's attorney, Robert H. Tobin, Jr., 735 South Street, Roslindale, MA 02131, by first class mail on May 18, 2004.

SIGNED UNDER THE PAINS AND PENALTIES OF PERJURY THIS 18th  DAY OF May, 2004.

*Ellen M. Caulo*

Ellen M. Caulo

# Commonwealth of Massachusetts

NOTICE TO DEFENDANT — You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's Office.

SUFFOLK, ss.



SUPERIOR COURT DEPARTMENT
OF THE TRIAL COURT
CIVIL ACTION

No. 04-1679

Thomas P. Crosby _____, Plaintiff(s)

v.

County of Suffolk _____, Defendant(s)

## SUMMONS

To the above-named Defendant:    County of Suffolk

You are hereby summoned and required to serve upon Robert H. Tobin, Jr. _____

plaintiff's attorney, whose address is 735 South Street, Roslindale, MA 02131, an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at Boston either before service upon plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

Witness, Suzanne V. DelVecchio, Esquire, at Boston, the _____16th_____ day of _____April_____, in the year of our Lord two thousand _____four_____.

*Michael Joseph Donovan*

Clerk/Magistrate

NOTES.
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.
3. TO PLAINTIFF'S ATTORNEY: PLEASE CIRCLE TYPE OF ACTION INVOLVED
   (1) TORT — (2) MOTOR VEHICLE TORT — (3) CONTRACT — (4) EQUITABLE RELIEF — (5) OTHER

FORM CIV.P. 1 3rd Rev.

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, SS.                                    SUPERIOR COURT
                                               CIVIL NO. 2004-01679-L

```
                         )
THOMAS P. CROSBY,        )
Plaintiff                )        COMPLAINT
                         )
        VS.              )
                         )
COUNTY OF SUFFOLK,       )
        Defendant        )
                         )
```

COUNT I- TORT FOR NEGLIGENCE PURSUANT TO MGL C. 258 S.1, ET SEQ.

Now comes the Plaintiff Thomas P. Crosby, and alleges that:

1. The plaintiff Thomas P. Crosby is an individual resident of Roslindale, County of Suffolk, in said Commonwealth.

2.   The Defendant County of Suffolk is a county in the Commonwealth of Massachusetts and is and was at all times material hereto a public employer.

4.  On or about February 16, 2002 the defendant had custody of the plaintiff , who at that time was incarcerated pursuant to a court ordered sentence of commitment, at a facility operated by the defendant located at Boston, Massachusetts.

5. On or about February 16, 2002, the defendant, through its employees, did undertake to care for the plaintiff and was responsible for the care of the plaintiff while the said plaintiff was in the custody of the defendant.

6. The said Defendant, through its agent(s) or employee(s)

1

owed a duty to the said Plaintiff, as a person under the custody of the defendant, to exercise reasonable care so as to prevent injury to the plaintiff.

7. On or about February 16, 2002, the defendant required the plaintiff to sleep on a bunk bed located above the floor of his assigned cell, without providing the plaintiff with a ladder or other safe means to ascend to and descend from said bed; without instructing the plaintiff in a safe manner of ascending to and descending from said bed; and with knowledge that the defendant had prescribed certain medication to the plaintiff .

8. The said Defendant thus breached its said duty referred to in paragraph 6 above.

9. On or about February 16, 2002, while in the exercise of due care, the said Plaintiff while attempting to ascend onto the said bed , fell and was injured due to the negligent act(s) or omission(s) of the Defendant, through its agent(s) or employee(s).

10. As a proximate and actual result thereof, the said Plaintiff was seriously injured, suffered great pain of body and was forced to incur medical expense for medical care occasioned thereby.

11. Pursuant to the requirements of MGL Ch.258, written notice of the plaintiff's claims, a copy of which is annexed hereto and marked "A", was served on the Suffolk County Commissioners within two years after the date upon which the causes of action arose.

2

Such claims have been finally denied by such executive officer and public employer, who failed to deny such claims in writing within six months after the date upon which it was presented, or reach final arbitration, settlement, or compromise of said claims.

Wherefore the said Plaintiff demands a money judgment against said Defendant, plus costs.

COUNT II- CAUSE OF ACTION PURSUANT TO 42 USC S. 1983 VS. DEFENDANT- MUNICIPAL LIABILITY

Now comes the Plaintiff and realleges and incorporates by reference herein the allegations contained in paragraphs one through eleven of the first count of this complaint and further allege as follows:

12. On or about February 16, 2002 and prior thereto, the defendant, through its employees, was aware that inmate(s) in its custody had been injured by falling while ascending to and/or descending from bunk bed(s) located off of the floor of its cells.

13. On or about February 16, 2002, the defendant had custody of the plaintiff, who at that time was incarcerated pursuant to a court ordered committed sentence, at a facility operated by the defendant located at Boston, Massachusetts.

14. The defendant, through its sheriff or County Commissioners or other employee(s) with final decision making authority, maintained policies or customs of deliberate indifference to the Constitutional rights of inmates such as the plaintiff, which caused the deprivation of the plaintiff's State and Federal

3

Constitutional rights.

Wherefore the Plaintiff requests that this Court:

a. Award compensatory damages against the defendant County of Suffolk;

b. Award the costs of this action, including reasonable attorney's fees to the plaintiff in accordance with 42 U.S.C. S.1988;

c. Award the plaintiff prejudgment interest; and

d. Award such other and further relief as this Court may deem necessary and appropriate.

Plaintiff claims trial by jury on all counts.

By his attorney,


ROBERT H. TOBIN, JR.
TOBIN AND TOBIN, PC
735 South Street
Roslindale,MA 02131
Tel. (617) 325-1010
BBO No. 499425

Dated: _7/1l/07_

4

TOBIN and TOBIN, P.C.

ROBERT H. TOBIN, JR.
MICHAEL J. TOBIN

735 SOUTH STREET
ROSLINDALE, MA  02131-1705

TEL. (617) 325-1C
FAX (617) 325-10

CERTIFIED MAIL
RETURN RECEIPT REQUESTED

May 27, 2003

Boston City Council
Suffolk County Commissioners
City Hall
1 City Hall Square
Boston, MA 02201
Attention: Michael Flaherty, President

RE: THOMAS P. CROSBY

Dear President Flaherty:

Please be advised that this firm represents the above-named , of 85 Bateman Street, Roslindale, MA.

This correspondence constitutes a presentment within the meaning of M.G.L. c. 258, S.4.

Mr. Crosby was an inmate at the Suffolk County House of Correction and under the care and custody of the County of Suffolk by and through the Suffolk County Sheriff's Department ("SCSD"), on or about February , 2002, at which time he was ordered by SCSD to share a cell with two (2) other inmates. The only beds in said cell (numbered as cell 23 in unit 3-4) were two (2) beds located near the floor level and a top bunk bed located approximately five (5) feet off the floor of the cell.

As of said date, Mr. Crosby's bed was said top bunk bed. As of said date, Mr. Crosby had received no instruction from the SCSD, its agent(s) and/or employee(s), regarding the proper method of ascending onto and descending from said top bunk bed. As of said date, there was no ladder or other safe means of descending from said top bunk bed supplied by the SCSD, its agent(s) and/or employee(s). In addition, Mr. Crosby had been prescribed psychiatric medication (remron) by SCSD medical staff as of said

1

date.

On or about February 2002 at approximately 12:00 P.M., while attempting to ascend onto said top bunk bed by placing his feet onto a sink affixed to a wall in the cell, Mr. Crosby was caused to slip and fall onto the cement floor when said sink broke under his weight, causing him to suffer injuries, including a lacerations to his arms and a neck injury.

It is our contention that SCSD, through its agents and employees, was negligent in forcing Mr. Crosby to share a cell with two (2) other inmates in which one of the only three beds was located high off of the ground; in failing to instruct Mr. Crosby on a safe method to ascend onto said top bunk bed; in failing to equip said bed and/or cell with a ladder or other safe means of ascension ;in forcing Mr. Crosby to sleep on said top bunk despite prescribing him psychiatric medication, and in forcing Mr. Crosby to remove extra chairs from his cell which he had previously used to ascend to said top bunk.

As a result of the aforesaid negligence of the County of Suffolk, through its agent(s) and/or employee(s), Mr. Crosby was damaged by said injuries and related injuries noted in his medical records pertaining to his treatment occasioned thereby.

This is a claim on Mr. Crosby's behalf, pursuant to the Massachusetts Tort Claims Act ( M.G.L. c. 258 S.1 et seq. ) for fair, reasonable and adequate damages ( including compensation for medical expenses, lost earning capacity , pain and suffering, disability , loss of enjoyment of life, loss of consortium, and all other elements of tortious damages for personal injury allowed by Massachusetts law ) on account of the same, which injuries were caused by the negligence of the County of Suffolk, its agent(s) or employee(s).

Upon the assignment of a person within your office to handle this claim, I will provide additional medical reports, medical bills and lost earnings documentation to establish the specific nature of said injuries, course of treatment, amount of medical bills incurred and amount of earnings lost by Mr. Crosby as a result this negligence.

It is my belief that Mr. Crosby has not yet reached a medical end result in this matter. Therefore, for the purpose of avoiding any subsequent contention that a c. 258, S.4 "presentment" is defective if it does not demand a specific dollar amount, such demand is hereby made in the amount of $100,000.00 each.

Finally, please find enclosed our check in the amount of $5.00 for filing fee.

Accordingly, please contact us on this matter.

Thank you.

Sincerely,

ROBERT H. TOBIN, JR.

RHT/wn

LAW OFFICE OF TOBIN & TOBIN, P.C.
City Of Boston

5/28/2003

5.00

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Michael Flaherty, President
Boston City Council
Suffolk County Commissioners
City Hall
1 City Hall Square
Boston MA 02201

**COMPLETE THIS SECTION ON DELIVERY**

A. Received by (Please Print Clearly)   B. Date of Delivery   MAY 2 9 200

C. Signature   Joseph E. McDermott   ☐ Agent   ☐ Addressee

D. Is delivery address different from item 1?   ☐ Yes
   If YES, enter delivery address below:   ☐ No

3. Service Type
   ☒ Certified Mail   ☐ Express Mail
   ☐ Registered   ☐ Return Receipt for Merchandise
   ☐ Insured Mail   ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number
   (Transfer from service label)

7002 2030 0002 2529 9540

5.00

TOBIN AND TOBIN, P.C.

ROBERT H. TOBIN, JR.
MICHAEL J. TOBIN

735 SOUTH STREET
ROSLINDALE, MA  02131-1705

TEL. (617) 325-1
FAX (617) 325-1

CERTIFIED MAIL
RETURN RECEIPT REQUESTED

May 27, 2003

The Honorable Thomas M. Menino, Mayor
Suffolk County Commissioner
City Hall
1 City Hall Square
Boston, MA 02201

RE: THOMAS P. CROSBY

Dear Mayor Menino:

Please be advised that this firm represents the above-named
, of 85 Bateman Street, Roslindale, MA.

This correspondence constitutes a presentment within the
meaning of M.G.L. c. 258, S.4.

Mr. Crosby was an inmate at the Suffolk County House of
Correction and under the care and custody of the County of Suffolk
by and through the Suffolk County Sheriff's Department ("SCSD"), on
or about February , 2002, at which time he was ordered by SCSD to
share a cell with two (2) other inmates. The only beds in said cell
(numbered as cell 23 in unit 3-4) were two (2) beds located near
the floor level and a top bunk bed located approximately five (5)
feet off the floor of the cell.

As of said date, Mr. Crosby's bed was said top bunk bed. As of
said date, Mr. Crosby had received no instruction from the SCSD,
its agent(s) and/or employee(s), regarding the proper method of
ascending onto and descending from said top bunk bed. As of said
date, there was no ladder or other safe means of descending from
said top bunk bed supplied by the SCSD, its agent(s) and/or
employee(s).    In addition, Mr. Crosby had been prescribed
psychiatric medication  (remron) by SCSD medical staff as of said

1

date.

On or about February 2002 at approximately 12:00 P.M., while attempting to ascend onto said top bunk bed by placing his feet onto a sink affixed to a wall in the cell, Mr. Crosby was caused to slip and fall onto the cement floor when said sink broke under his weight, causing him to suffer injuries, including a lacerations to his arms and a neck injury.

It is our contention that SCSD, through its agents and employees, was negligent in forcing Mr. Crosby to share a cell with two (2) other inmates in which one of the only three beds was located high off of the ground; in failing to instruct Mr. Crosby on a safe method to ascend onto said top bunk bed; in failing to equip said bed and/or cell with a ladder or other safe means of ascension ; in forcing Mr. Crosby to sleep on said top bunk despite prescribing him psychiatric medication, and in forcing Mr. Crosby to remove extra chairs from his cell which he had previously used to ascend to said top bunk.

As a result of the aforesaid negligence of the County of Suffolk, through its agent(s) and/or employee(s), Mr. Crosby was damaged by said injuries and related injuries noted in his medical records pertaining to his treatment occasioned thereby.

This is a claim on Mr. Crosby's behalf, pursuant to the Massachusetts Tort Claims Act ( M.G.L. c. 258 S.1 et seq. ) for fair, reasonable and adequate damages ( including compensation for medical expenses, lost earning capacity , pain and suffering, disability , loss of enjoyment of life, loss of consortium, and all other elements of tortious damages for personal injury allowed by Massachusetts law ) on account of the same, which injuries were caused by the negligence of the County of Suffolk, its agent(s) or employee(s).

Upon the assignment of a person within your office to handle this claim, I will provide additional medical reports, medical bills and lost earnings documentation to establish the specific nature of said injuries, course of treatment, amount of medical bills incurred and amount of earnings lost by Mr. Crosby as a result this negligence.

2

It is my belief that Mr. Crosby has not yet reached a medical end result in this matter. Therefore, for the purpose of avoiding any subsequent contention that a c. 258, S.4 "presentment" is defective if it does not demand a specific dollar amount, such demand is hereby made in the amount of $100,000.00 each.

Finally, please find enclosed our check in the amount of $5.00 for filing fee.

Accordingly, please contact us on this matter.

Thank you.

Sincerely,

RHT/wn

ROBERT H. TOBIN, JR.

LAW OFFICE OF TOBIN & TOBIN, P.C.
City Of Boston

5/28/2003

9?

5.00

| SENDER: COMPLETE THIS SECTION | COMPLETE THIS SECTION ON DELIVERY |
|---|---|
| Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired. Print your name and address on the reverse so that we can return the card to you. Attach this card to the back of the mailpiece, or on the front if space permits. | A. Received by *(Please Print Clearly)*    B. Date of Delivery MAY 2 9 200 |
| | C. Signature    X _Joseph C. McDonald_   ☐ Agent ☐ Addressee |
| Article Addressed to: The Honorable Thomas M. Menino, Mayor Suffolk County Commissioner City Hall 1 City Hall Square Boston, MA 02201 | D. Is delivery address different from item 1? ☐ Yes If YES, enter delivery address below: ☐ No |
| | 3. Service Type ☒ Certified Mail ☐ Express Mail ☐ Registered ☐ Return Receipt for Merchandise ☐ Insured Mail ☐ C.O.D. |
| | 4. Restricted Delivery? *(Extra Fee)* ☐ Yes |
| Article Number Transfer from service label) | 7002 2030 0002 2529 9533 |

5.00